IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re:

Robert Franklin Van Zandt,

      Debtor.

_____/

Nos. C 13-5948 CW
     C 14-0797 CW
     C 14-1527 CW
     C 14-1528 CW

Bk. Nos. 12-32655-HLB
         12-03184-HLB

ORDER DISMISSING APPEALS

    Debtor Robert Franklin Van Zandt has filed at least ten separate appeals challenging orders of the Bankruptcy Court. The Court previously dismissed two of those appeals, which were appeals from interlocutory orders denying motions to dismiss two separate adversary cases in the Bankruptcy Court. See Case Nos. 13-1513 and 13-1888. The Court also affirmed the decisions of the Bankruptcy Court and denied the motion to withdraw the reference in four other cases. See Case Nos. 13-0702; 13-1568; 13-2765; and 13-4200. The Court now dismisses four other appeals of interlocutory orders.

## LEGAL STANDARD

    District courts have the discretion to grant leave to appeal interlocutory bankruptcy court orders and may consider a notice of appeal as a motion for leave to appeal. 28 U.S.C. § 158(3); Fed. R. Bankr. P. 8003(c). In considering whether leave should be

granted, the Court will look to 28 U.S.C. § 1292(b).  <u>In re Betta Prods.</u>, 2007 U.S. Dist. LEXIS 81621 at *3; <u>In re Sperna</u>, 173 B.R. 654, 658 (9th Cir. BAP 1994).  Pursuant to that section, review of an interlocutory order is appropriate when

> such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

28 U.S.C. § 1292(b).

## DISCUSSION

Case Number 13-5948 involves the appeal of the Bankruptcy Court's order compelling Debtor to appear for a deposition in the adversary proceeding brought by William Parisi.  The order compelling Debtor to appear for a deposition is an interlocutory order.  <u>See</u> <u>In re Roque</u>, 2014 Bankruptcy LEXIS 424, *15 (9th Cir. BAP).  The Court finds that an appeal from the Bankruptcy Court's order compelling Debtor to appear for a deposition fails to meet the standard set out in § 1292(b).  The Court construes Debtor's notice of appeal in Case Number 13-5948 to be a motion for leave to appeal an interlocutory order and denies the motion.  For the same reasons, the Court GRANTS Appellee William Parisi's motion to dismiss the appeal.  Docket No. 10.  Accordingly, the Court DISMISSES Case Number 13-5948.

Case Number 14-797 involves the appeal of two orders in the same adversary proceeding by Parisi against Debtor: (1) the Bankruptcy Court's order denying Debtor's "Motion to Obtain Orders Recognizing that the Order Compelling Defendant to Appear for Deposition is Void as a Matter of Law and an Additional Order Quashing Subpoena" and (2) the Bankruptcy Court's order granting

2

1  Parisi's motion to compel Debtor's deposition and for sanctions.
2  These orders are interlocutory orders, appeals from which do not
3  meet the standard set out in § 1292(b).  See In re Markus, 313
4  F.3d 1146, 1151 (9th Cir. 2002).  The Court construes Debtor's
5  notice of appeal in Case Number 14-0797 to be a motion for leave
6  to appeal interlocutory orders and denies the motion.
7  Accordingly, the Court DISMISSES Case Number 14-0797.

8      Case Number 14-1527 involves an order to show cause regarding
9  contempt entered by the Bankruptcy Court.  An order to show cause
10 is an interlocutory order.  The Court finds that an appeal from
11 the order does not meet the standard set out in § 1292(b).  The
12 Court construes Debtor's notice of appeal in Case Number 14-1527
13 to be a motion for leave to appeal interlocutory orders and denies
14 the motion.  Accordingly, the Court DISMISSES Case Number 14-1527.

15     Case Number 14-1528 involves the Bankruptcy Court's order
16 imposing civil sanctions against Debtor for violation of the
17 Bankruptcy Court's order.  An order of civil contempt entered
18 against a party to ongoing litigation is an interlocutory order.
19 See In re Mack, 2007 Bankruptcy LEXIS 4833, *9 (9th Cir. BAP).
20 The Court finds that an appeal from the order does not meet the
21 standard set out in § 1292(b).  The Court construes Debtor's
22 notice of appeal in Case Number 14-1528 to be a motion for leave
23 to appeal interlocutory orders and denies the motion.
24 Accordingly, the Court DISMISSES Case Number 14-1528.

## CONCLUSION

26     For the reasons stated above, the Court dismisses the
27 following appeals, 13-5948; 14-0797; 14-1527; and 14-1528.  In
28

3

addition, the Court GRANTS Parisi's motion to dismiss in Case Number 13-5948 (Docket No. 10).

IT IS SO ORDERED.

Dated: 4/11/2014

CLAUDIA WILKEN
United States District Judge